**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHELBY N. MOREDOCK,  )<br>  )<br>          Petitioner,   )<br>v.                               )     No. 1:07-cv-1214-DFH-WTL<br>                                   )<br>INDIANA DEPARTMENT OF   )<br>  CORRECTION,              )<br>          Respondent.    ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

     A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In addition to the foregoing substantive standard, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). In this case, Shelby Moredock ("Moredock") has committed procedural default with respect to the claims asserted in his petition for a writ of habeas corpus and fails to overcome the consequences of that default. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

     1.     Moredock is confined at an Indiana prison serving the executed portion of a sentence imposed following his 2007 conviction for operating a vehicle after license suspended for life in No. 49G05-0611-FC-214285. He had previously been committed to the custody of the Indiana Department of Correction ("DOC") following his conviction for the same offense in No. 49G06-9910-CF-171233.

     2.     Moredock was first released on parole on February 19, 2005. His parole was revoked on April 3, 2007. He was re-paroled on July 27, 2007, from the sentence in No. 49G06-9910-CF-171233. At that point, however, he remained in DOC custody and began or continued serving the sentence in No. 49G05-0611-FC-214285.

3.   Moredock's claim in this case is that the executed portion of the sentence imposed in No. 49G06-9910-CF-171233 has expired. This claim is the result of that sentence having been improperly computed by the DOC. In literal terms, of course, there is no dispute that the executed portion of the sentence in No. 49G06-9910-CF-171233 has been completed, leading to the sentence imposed in No. 49G05-0611-FC-214285 being served. The matters are connected, however, because if the computation of No. 49G06-9910-CF-171233 was as Moredock believes was correct, he would have "turned over" to the sentence in No. 49G05-0611-FC-214285 sooner and ultimately been released from the custody of the DOC sooner.

4.   The respondent seeks dismissal of the action on the basis of Moredock's procedural default.[1]

a.   Procedural default occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729

b.   When a habeas petitioner has committed procedural default, the habeas court may not reach the merits of the habeas claims unless the habeas petitioner overcomes the consequences of that waiver by "demonstrat[ing] either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,*'*); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

5.   The expanded record shows that Moredock did not challenge the computation of his sentence in No. 49G06-9910-CF-171233 by the DOC. If he had done so administratively, and if he was dissatisfied with the explanation or the outcome, he could have brought an action for post-conviction relief in the trial court asserting that his sentence had expired. *Majors v. Broughlin,* 531 N.E.2d 189, 190 (Ind. 1988); *Boyd v. Broglin,* 519 N.E.2d 541, 542 (Ind. 1988); *Indiana Dept. of Corr. v. Bogus*, 754 N.E.2d 27, 31 (Ind.Ct.App. 2001). Moredock did not take these steps, and his failure to do so constitutes a procedural default.

6.   Moredock has opposed this argument by stating that his "probation was over and he had no hearing" and that he did exhaust his state court remedies. Moredock's Reply, pp. 2,5. However, the expanded record shows that Moredock did not exhaust his remedies

---

[1] The respondent also argues that the petition is subject to dismissal for failure to exhaust available state court remedies, but the trial court has rejected a post-conviction petition as successive, so the existence of an available state court remedy is doubtful.

as to his claim that he was held in custody after the expiration of his sentence in No. 49G06-9910-CF-171233. Of pivotal significance, therefore, is that Moredock has not attempted to show either cause for or prejudice from this default, nor has he attempted to show that the failure to reach the merits of this defaulted claim would result in a fundamental miscarriage of justice.

7. This court has carefully reviewed the pleadings and the expanded record and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos,* 106 F.3d at 1388. No such established rules entitle Moredock to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 5/15/2008